1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   MYUNG J. PARK, State Bar No. 210866
    Supervising Deputy Attorney General
3   BENJAMIN P. LEMPERT, State Bar No. 344239
    DAVID M. MEEKER, State Bar No. 273814
4   JONATHAN A. WIENER, State Bar No. 265006
    M. ELAINE MECKENSTOCK, State Bar No. 268861
5   Deputy Attorney General
     1515 Clay Street, 20th Floor
6    Oakland, CA  94612-0550
     Telephone:  (510) 879-0299
7    Fax:  (510) 622-2270
     E-mail:  Elaine.Meckenstock@doj.ca.gov
8   *Attorneys for Defendant Steven S. Cliff, in his*
    *official capacity*
9
                IN THE UNITED STATES DISTRICT COURT
10
            FOR THE EASTERN DISTRICT OF CALIFORNIA
11
                      SACRAMENTO DIVISION
12

13

14   **CALIFORNIA TRUCKING**                  2:23-cv-02333-TLN-CKD
     **ASSOCIATION,**
15
                                Plaintiff,
16                                           **DEFENDANT'S REPLY IN SUPPORT**
         v.                                  **OF REQUEST FOR JUDICIAL NOTICE**
17
18   **STEVEN S. CLIFF, in his official capacity,**   Dept:      2, 15th Floor
     **and DOES 1 through 25, inclusive,**          Judge:     Hon. Troy N. Nunley
19                                           Trial Date:  Not Set
                                Defendants.  Action Filed:  October 16, 2023
20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiff California Trucking Association (CTA) opposes Defendant's request for judicial notice of certain facts and documents.  ECF 25 (RJN Opp.).  However, CTA identifies no basis to deny any part of Defendant's request.  Indeed, CTA concedes the prerequisites for judicial notice are met for each fact to which it objects because CTA neither disputes the fact nor questions the accuracy of the source.  Defendant therefore asks this Court to take judicial notice of the facts and documents included in his request.  ECF 22 (RJN).

**ARGUMENT**

**I.    DEFENDANT'S DOCUMENTS AND FACTS ARE PROPER SUBJECTS FOR JUDICIAL NOTICE AND SHOULD BE CONSIDERED ON THE MOTION TO DISMISS**

The parties agree that facts are proper subjects for judicial notice when they are "not subject to reasonable dispute because …[they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also* RJN 3:15-4:25; RJN Opp. 1:12-15.  Yet CTA's opposition does not dispute—reasonably or otherwise—any of the facts for which Defendant requested judicial notice and likewise does not question the accuracy of Defendant's sources.  Rather, CTA offers a series of objections to Defendant's use of these undisputed facts.  Those objections are entirely disconnected from the legal standard for judicial notice and thus cannot provide a basis for denying Defendant's request.  CTA's objections are also conclusory and meritless.

CTA's objections to the use of Exhibit A—the Initial Statement of Reasons in which the California Air Resources Board (CARB) proposed the Advanced Clean Fleets (ACF) regulation at issue here—illustrate the point.[1]  CTA first objects to the use of this document to establish (1) that California needs "more reductions" of smog-forming and particulate matter pollution, "including in many parts of the State" that have not met federal air quality standards for those pollutants, RJN Opp. 2:9-10 (quoting motion to dismiss); and (2) that zero-emission vehicles (ZEVs) "work well for drayage services because these trucks generally travel a limited number of

---

[1] CTA's objections to Defendant's use of statements or information in this document, RJN Opp. 2:4-13, 2:20-3:2, is remarkable, given CTA itself relies liberally on this very same document for different statements and information, ECF 24 at 4:7-8, 11:7-12, 12:3, 12:15-22, 19:4-7, 19:12-13.

1    miles daily and then return to a home base where they can charge or otherwise refuel," RJN Opp.

2    2:11-13 (quoting motion to dismiss).  CTA does not, however, dispute any of these facts or

3    question Exhibit A's accuracy on these points.  Nor could CTA do so.  The fact that California

4    has struggled for decades to meet federal air quality standards for ozone and particulate matter is

5    indisputably true.  And CARB—the state agency tasked with meeting those standards—is an

6    accurate source of information on both the State's non-compliance and what is required to come

7    into compliance.  CTA likewise does not and cannot dispute that drayage trucks generally travel

8    short distances and return to a central location where they could be charged or refueled.  Nor does

9    CTA question CARB's proposal to regulate drayage fleets as an accurate source of information

10   about those fleets.  Instead, CTA argues that "courts may not judicially notice the wisdom of a

11   particular policy."  RJN Opp. 2:14.  Whatever the truth of that contention, it is beside the point.

12   Defendant seeks judicial notice of facts.  CTA's disagreement with policy decisions CARB made

13   in response to those facts provides no basis to deny Defendant's request.

14        CTA also objects to the use of Exhibit A to establish that there are billions of dollars in

15   grants and incentives available to reduce or entirely offset the cost of purchasing heavy-duty

16   ZEVs, RJN Opp. 2:24-27; and that ZEVs have lower operating and maintenance costs than

17   conventional vehicles, translating to tens of billions of dollars in savings, RJN Opp. 3:1-2.  Again,

18   however, CTA does not dispute these facts or the accuracy of CARB's rulemaking document as a

19   source of this information.  Instead, CTA purports to contest the relevance of these facts and

20   argues they "are, at best, subject to varying interpretations."  RJN Opp. 3:4, 3:12.  Relevance is a

21   distinct question from the propriety of judicial notice and is thus not a basis for denying the latter.

22   *Compare* Fed. R. Evid. 401 *et seq.* (relevance) *with id.* at 201 (judicial notice).  CTA also fails to

23   identify *any* alternative interpretation—any other way of reading these statements that differs

24   from the plain meaning Defendant gives them.  Regardless, the facts at issue are relevant *and*

25   properly subject to judicial notice.  In fact, Defendant uses these facts precisely as judicially

26   noticeable facts may be used on a motion to dismiss:  to contradict CTA's allegations about

27   compliance costs, thereby demonstrating both that CTA's allegations are entirely conclusory and

28   that the Court need not accept those allegations as true.  ECF 21-1 (MTD) at 6:10-12; *see also*,

                                         2

1  *e.g.*, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  CTA could have

2  chosen to plead more accurate allegations that were less subject to contradiction by publicly

3  available documents.  Or CTA could seek leave to amend to do so now.  In any event, CTA's

4  preference that the Court ignore these undisputed, publicly available facts does not make them

5  improper subjects for judicial notice.

6      CTA's objections to the use of Exhibit B—an agreement between CARB and a trade

7  association representing most heavy-duty vehicle and engine manufacturers—also fail.  As a

8  threshold point, the Complaint itself dedicates a full paragraph to describing this agreement,

9  Compl. ¶ 32, so the Court may treat it as "incorporated by reference" and consider it on that

10  ground alone, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Napear v.*

11  *Bonneville Int'l Corp.*, 669 F. Supp. 3d 948, 958 (E.D. Cal. 2023).  In any event, Defendant's

12  request for judicial notice satisfies Rule 201's requirements.  Defendant seeks judicial notice of a

13  term of this agreement—namely, that these manufacturers agreed to meet ACF's 2036 Sales

14  Requirement (100% ZEV sales in California beginning that year), regardless of whether CARB

15  can enforce it.  MTD 5:8-10, 7:26-8:1.  CTA does not dispute that this is a term of the agreement

16  or that the agreement is an accurate source of its own terms.  Instead, CTA points to *other terms*

17  of the agreement, claiming those other terms were the reason for the agreement.  RJN Opp. 3:28-

18  4:5.  That argument, even if credited, does not establish a dispute about the fact that most

19  manufacturers have agreed to sell 100% ZEVs in California by model year 2036.  That fact is a

20  proper subject of judicial notice, and it underscores that CTA has not alleged facts sufficient to

21  establish standing—*e.g.*, facts about the vehicles *other* manufacturers would sell in 2036 if CTA

22  successfully invalidated the 2036 Sales Requirement here.  MTD 7:26-8:25; *see also* Def's Reply

23  in Supp. of MTD 2:8-3:5.

24      CTA next objects to the Court taking notice of Exhibit C—CTA's own presentation about

25  ACF—even though CTA itself made this presentation publicly available on its website.  CTA

26  does not dispute that it developed such a presentation or that Exhibit C is an accurate copy of that

27  presentation.  The Court "must" therefore take notice at least of the presentation's existence and

28  the fact that CTA made the statements about ACF contained therein.  Fed. R. Evid. 201(c)(2).

3

1    That is all Defendant seeks.  CTA argues that the presentation and its statements about how ACF

2    will be implemented are irrelevant.  RJN Opp. 4:20.  Again, relevance is not a basis for declining

3    to take judicial notice (and CTA identifies no authority for this argument).  But, even if relevance

4    were at issue, CTA's presentation makes clear that it understands how ACF will operate—a fact

5    that is directly relevant to CTA's claim that the regulation is too vague to be understood.  CTA

6    also contends Defendant asks the Court to take notice of "a particular *interpretation*" of the

7    presentation, RJN Opp. 5:6-7, but identifies nowhere in Defendant's moving papers or Request

8    for Judicial Notice where Defendant offered any such interpretation.  CTA may disagree with

9    Defendant's arguments about the legal import of CTA's own statements, but those legal

10   differences are properly aired through counter arguments in merits briefs, not purported

11   oppositions to judicial notice of undisputed and accurately presented facts.

12           Finally, CTA objects to Exhibit G:  a fact sheet describing a government-funded incentive

13   program for the installation of ZEV charging and fueling infrastructure.  Here again, CTA does

14   not dispute the facts for which Defendant requested judicial notice—the existence of such

15   incentive programs—or the source relied on for those facts.  CTA again objects to the use of these

16   facts to demonstrate that the Complaint's allegations (here, about trucking routes) are

17   controverted and conclusory and thus need not be accepted as true for purposes of deciding

18   Defendant's motion to dismiss.  RJN Opp. 5:2.  As shown above, however, that is an entirely

19   appropriate use of judicially noticeable facts, which these indisputably are.

20                                         **CONCLUSION**

21           CTA does not dispute—reasonably or otherwise—any of the facts to which it objects to the

22   Court taking notice.  CTA does not claim, much less establish, that the accuracy of any of

23   Defendant's sources is at all questionable.  Defendant respectfully requests the Court grant his

24   request for judicial notice.

25

26

27

28

Defendant's Reply in Support of Request for Judicial Notice (2:23cv2333)

1  Dated:  May 8, 2024                                Respectfully submitted,

2                                                      ROB BONTA
                                                       Attorney General of California
3                                                      MYUNG J. PARK
                                                       Supervising Deputy Attorney General
4

5
                                                       */s/ M. Elaine Meckenstock*
6                                                      M. ELAINE MECKENSTOCK
                                                       Deputy Attorney General
7                                                      *Attorneys for Defendant Steven S. Cliff, in*
                                                       *his official capacity*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5