IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA TRUCKING ASSOCIATION, A CALIFORNIA CORPORATION,**<br><br>                    Plaintiff,<br><br>         v.<br><br>**STEVEN S. CLIFF, IN HIS OFFICIAL CAPACITY, AND DOES 1 THROUGH 25, INCLUSIVE,**<br><br>                    Defendants. | 2:23-cv-02333-TLN-CKD<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge:          Hon. Troy L. Nunley<br>Trial Date:    None set<br>Action Filed: October 16, 2023 |

1.  PURPOSES AND LIMITATIONS

Plaintiff California Trucking Association (CTA) intends to file a motion for summary judgment and to rely, for that motion, on up to four declarations that contain information CTA contends is confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose that would involve disclosure to competitors may be warranted. Specifically, CTA anticipates the declarations will contain confidential business information concerning the declarants' plans to comply with the Advanced Clean Fleets

regulation that is the subject of this litigation. CTA intends to seek to file the declarations under seal. Defendant Steven S. Cliff (Defendant) intends to take discovery in response to CTA's summary judgment motion, and CTA anticipates that said discovery may also involve the disclosure of information that the disclosing party believes should be kept confidential. In responding to CTA's summary judgment motion (and in preparing a cross-motion, should he decide to do so), Defendant may also seek to file items under seal—e.g., portions of deposition transcripts or briefs concerning information filed under seal by CTA. Accordingly, the parties hereby stipulate to and respectfully request that the Court enter the following Stipulated Protective Order concerning the information and items that the parties will seek to file under seal as part of briefing CTA's motion for summary judgment and any cross-motion for summary judgment Defendant makes with his opposition, as well as information disclosed during the discovery contemplated by Defendant (and agreed to by CTA) as part of this motion practice. (The schedule and process for this discovery is provided in a separate scheduling stipulation the parties are filing simultaneous with this document.)

The parties acknowledge that this Order does not confer blanket protection and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 and this Court's "Standard Information" set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>

2.1  <u>Action:</u>  the above-captioned federal lawsuit.

2.2  <u>Challenging Party</u>: a Party that challenges the designation of information or items pursuant to this Order.

2.3  <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party: a Party to this Action that proposes to file items or information under seal in this Action.

2.5   Disclosing Party: any Party or any non-party disclosing or producing information in connection with this Action that the Party or non-party contends is confidential business information.

2.6   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   House Counsel: attorneys who are employees of a Party or a Party's organization. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   Non-Designating Party: a Party that is not the Designating Party or Disclosing Party for given items or information.

2.9   Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12  Proposed Sealed Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that a Designating Party serves on the other Parties and seeks to file under seal pursuant to Local Rule 141.

2.13  Protected Material:  Sealed Material, Proposed Sealed Material for which a request to file under seal is pending, Proposed Sealed Material that the Designating Party ceases to rely on after denial of a request to file under seal, and other material disclosed or produced in connection with this Action that the Disclosing Party contends is confidential pursuant to paragraph 5.4 and

1  about which the Court has not ruled otherwise.  To the extent that the Court denies a request to
2  file Proposed Sealed Material under seal, and the Designating Party then ceases to rely on that
3  Proposed Sealed Material, nothing herein shall be interpreted as precluding a party from taking
4  discovery that includes, refers to, or otherwise encompasses that Proposed Sealed Material, to the
5  extent permitted under applicable rules and orders.  Items produced in response to such discovery
6  for which a request to seal was previously denied shall not be treated as Protected Material or
7  otherwise subject to the protections of this Order.

8      2.14  <u>Sealed Material</u>: all items or information, regardless of the medium or manner in
9  which it is generated, stored, or maintained (including, among other things, testimony, transcripts,
10 and tangible things), that are filed under seal in this case pursuant to an order of this Court.

11     3.   <u>SCOPE</u>

12     The protections conferred by this Stipulation and Order cover not only Protected Material
13 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)
14 all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
15 conversations, or presentations by Parties or their Counsel that reveal Protected Material. But
16 summaries, aggregations, compilations, or other discussions of the Protected Material that do not
17 reveal details related to and cannot be traced to individual companies are not Protected Material
18 for the purposes of this stipulated protective order. The protections conferred by this Stipulation
19 and Order do not cover the following information: (a) any information that is in the public
20 domain as a result of publication not involving a violation of this Order, including becoming part
21 of the public record through trial or otherwise; and (b) any information known to the Non-
22 Designating Party prior to designation or obtained by the Non-Designating Party after designation
23 from a source who obtained the information lawfully and under no obligation of confidentiality to
24 the Designating Party or Disclosing Party.  Any use of Protected Material at trial shall be
25 governed by a separate agreement or order.

26     4.   <u>DURATION</u>

27     Even after final disposition of this litigation, the confidentiality obligations imposed by this
28 Order shall remain in effect until a Designating Party or Disclosing Party agrees otherwise in

writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party or Disclosing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party or Disclosing Party to sanctions.

If it comes to a Designating Party's or Disclosing Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party or Disclosing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designation of Material as Proposed Sealed Material</u>

To designate Proposed Sealed Material, the Designating Party shall file a Request to Seal Documents pursuant to Local Rule 141(b), and shall simultaneously serve that request, the accompanying proposed order, and the items proposed to be sealed (without redactions) on all Parties by email (or, if necessary, electronic file transfer). The Designating Party shall affix the legend "CONFIDENTIAL" to each page sought to be filed under seal. If sealing is sought for only a portion or portions of the material on a page, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

1        5.3.    <u>Manner and Timing of Designation of Material as Sealed Material.</u>

2        Pursuant to the definition above, the Court's Order on the Request to Seal Documents will
3  determine the information and items that are designated Sealed Material.

4                5.4    <u>Manner and Timing of Designation of Other Material as Protected Material</u>

5        To designate as Protected Material information or an item disclosed or produced in
6  connection with this Action that is not being submitted for filing under seal, the Disclosing Party
7  shall affix the legend "CONFIDENTIAL" to each page for which that party seeks protection
8  under this order. If only a portion or portions of the material on a page are claimed to be Protected
9  Material, the Disclosing Party also must clearly identify the protected portion(s) (e.g., by making
10 appropriate markings in the margins).

11       No party shall be obligated to challenge the propriety of a "CONFIDENTIAL" designation
12 when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.
13 If, at any time, a party objects to a "CONFIDENTIAL" designation, the objecting party shall
14 notify the Disclosing Party in writing. Within 7 calendar days of receipt of such notification,
15 counsel for the Disclosing Party and the objecting party shall meet and confer in a good faith
16 effort to resolve any disagreement regarding the Disclosing Party's designation. If, for any
17 reason, the parties do not resolve their disagreement within that time period, the parties shall
18 submit their dispute to the Court for resolution in accordance with the procedures set forth below.
19 The items or information subject to that application will be treated as Protected Material until the
20 Court rules otherwise. Nothing in this Order shall be construed as preventing any party from
21 objecting to the designation of any material or preventing any party from seeking further
22 protection for any material it produces in discovery.

23       Disputes regarding the propriety of a "CONFIDENTIAL" designation shall be submitted to
24 the Court for resolution as follows:

25            (a) Within 3 business days after a required meet and confer, or by such other
26               deadline as may be agreed in writing by the Disclosing Party, the party objecting to the
27               claim of confidentiality shall provide counsel for the Disclosing Party with a draft of a

28

joint letter to the Court which sets forth the objecting party's position regarding the dispute.

(b) Within 3 business days after receipt of that draft letter, or by such other deadlines as may be agreed to in writing by the objecting party, the Disclosing Party shall provide counsel for the objecting party with an insert for that letter in electronic format which sets forth the Disclosing Party's position.

(c) If the Disclosing Party fails to provide the insert within the time period prescribed in this paragraph, the "CONFIDENTIAL" designation shall be deemed lifted.

(d) If the Disclosing Party does provide the insert within the prescribed time period, the letter will then be provided to the Court so that it may rule on the challenge to the confidentiality designation.

Nothing herein shall be deemed to change the burdens of proof established by applicable law.

5.5   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's or Disclosing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING DESIGNATIONS

6.1   <u>Timing of Challenges</u>. Any Party may challenge a designation of Proposed Sealed Material pursuant to Local Rule 141(c). Any Party may challenge a designation of Sealed Material as permitted by governing law. Any Party may challenge a designation of Protected Material that the Disclosing Party has not sought to file under seal pursuant to the procedure described in section 5.4.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. A Non-Designating Party may use Protected Material that is produced by a Designating Party or Disclosing Party in connection with

this Action only for prosecuting, defending, or attempting to settle this litigation. When the litigation has been terminated, a Non-Designating Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Non-Designating Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party or Disclosing Party, a Non-Designating Party may disclose Protected Material only to:

(a) the Non-Designating Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the named parties to this Action, including officers, directors, and House Counsel of the named parties and of the agencies of any state official defendants named in their official capacities, to whom disclosure is reasonably necessary for this litigation;

(c) other employees of the named parties or agencies to whom disclosure is reasonably necessary for this Action, where the employee has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Non-Designating Party has provided the signed "Acknowledgement and Agreement to Be Bound" to the Designating Party or Disclosing Party;

(d) Experts (as defined in this Order) of the Non-Designating Party to whom disclosure is reasonably necessary for this litigation, where the Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Non-Designating Party has provided the signed "Acknowledgement and Agreement to Be Bound" to the Designating Party or Disclosing Party;

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

unless otherwise agreed by the Designating Party or Disclosing Party or ordered by the court. At any deposition in which Protected Material is disclosed, the Parties shall confer regarding an appropriate method of compiling the deposition transcript, and shall inform the court reporter of their determination. If the Parties are unable to reach consensus, the court reporter shall separately bind those pages of the transcript or exhibits to the transcript that reveal Protected Material.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material in this action, that Party must:

(a) promptly notify in writing the Designating Party or Disclosing Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party or Disclosing Party whose Protected Material may be affected.

If the Designating Party or Disclosing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's or Disclosing Party's permission. The Designating Party or Disclosing Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Non-Designating Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Non-Designating Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Non-Designating Party must immediately (a) notify in writing the Designating Party or Disclosing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Designating Party or Disclosing Party gives notice to Non-Designating Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Non-Designating Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11. <u>MISCELLANEOUS</u>

11.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3   Filing Protected Material. Without written permission from the Designating Party or Disclosing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

12.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in section 4, each Non-Designating Party must return all Protected Material to the Designating Party or Disclosing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Non-Designating Party must submit a written certification to the Designating Party or Disclosing Party by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Non-Designating Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 22, 2024        /s/ Marne S. Susssman (as authorized on 10/22/24)
                               Attorney for Plaintiff

DATED: October 22, 2024        /s/ M. Elaine Meckenstock
                               Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED with the clarification that the court will not retain jurisdiction over enforcement of the terms of this protective order once the Clerk has closed the action. See Local Rule. 141(f).

Dated:  October 23, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, cali23cv2333.stip.po

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *California Trucking Association v. Cliff*, Case No. 2:23-cv-02333-TLN-CKD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____