UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVEN S. CLIFF et. al.,<br><br>        Defendants, | No. 2:23-cv-02333-TLN-CKD<br><br>**ORDER** |

       Plaintiff California Trucking Association ("Plaintiff") seeks to seal information submitted in support of its pending motion for summary judgment. (ECF No. 42.) Defendant opposes the request in part.[1] For the reasons set forth below, the Court GRANTS in part and DENIES in part the request.

---

[1] The opposition and corresponding materials are not publicly available on the Court's docket, as the parties have provided the documents to Court for in camera review pursuant to Local Rule 141(b). Given this, the Court cites to each of these documents by name and page number.

1

### I. STANDARD OF LAW

There is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). For dispositive motions, such as a motion for summary judgment, a request to seal can be granted only if the moving party offers a "compelling reason" to keep the information in question from the public. *Ctr. for Auto Safety*, 809 F.3d at 1096–97 (quoting *Kamakana*, 447 F.3d at 1179); *see also Xie v. De Young Properties 5418, LP*, No. 16-01518, 2018 WL 3241068, at *2 (E.D. Cal. July 2, 2018).

The party seeking to seal must "articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178 (internal marks and citations omitted). The compelling-reasons standard applies even if a document was previously filed under seal or was covered by a generalized protective order, including a discovery phase protective order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Sources of business information that might harm a litigant's competitive standing" may provide a compelling reason to seal documents. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978).

### II. ANALYSIS

Plaintiff seeks to seal information contained in three separate declarations, its memorandum of points and authorities, and its statement of undisputed facts. (ECF No. 42 at 2.) According to Plaintiff, the information it seeks to seal contains confidential business information, which, if exposed, would harm the competitive positions of its member organizations. (*Id.*; Request at 2.) Further, Plaintiff contends the documents it seeks to seal contain information designated as confidential pursuant to the stipulated protective order. (Request at 1 (citing ECF No. 39).) However, the Court notes at the outset that the compelling-reasons standard applies even if a document was previously covered by a protective order. *See Foltz*, 331 F.3d at 1135. Defendant opposes Plaintiff's request in part. (Opp'n.) The Court analyzes each document

2

below.

### A.  Hodes Declaration

First, Plaintiff seeks to seal portions of Sanford J. Hodes's ("Hodes") declaration. (ECF No. 42 at 2; Request at 1.) According to Plaintiff, portions of the Hodes declaration contain "details on the routes currently utilized" by Plaintiff's member Ryder System, Inc. ("Ryder") as well as anticipated "route-specific changes." (Request at 2.) If Ryder's plans are revealed, Plaintiff argues competitors who have not yet formulated strategies to comply with the Advanced Clean Fleets regulation ("ACF") will be afforded an "unfair head-start." (*Id.* at 5.) In opposition, Defendant argues most of the information contained in this declaration does not constitute confidential business information. (Opp'n at 2–3.) The Court agrees. As described below, aside from three maps detailing Ryder's specific routes, none of the information appears to meet the compelling-reasons standard. Plaintiff's arguments to the contrary are unpersuasive.

Starting with paragraph ten, the two sentences and chart only contain aggregated trip data and statements about Ryder's routes. (Hodes Decl. ¶ 10.) It does not reveal any particularized or sensitive information about the specific routes themselves nor Ryder's plans to comply with the ACF as Plaintiff seems to suggest. Plaintiff provides no other reason explaining how revelation of this information would harm Ryder's competitive standing. In paragraph twelve, the sentence on lines nine and ten introduces the fact that Plaintiff will provide two detailed maps regarding specific truck routes along with new "relay" routes. (*Id.* ¶ 12.) This introductory sentence does not contain confidential business information that could harm Ryder's competitive standing. Paragraph thirteen contains a similar chart to the chart in paragraph ten but also includes the aggregated mileage ranges for electric vehicle ("EV") trips and addresses the percentage increase. (*Id.* ¶ 13.) Again, Plaintiff articulates no specific factual findings strictly tied to the information sought to be sealed that justifies sealing this information. *Kamakana*, 447 F.3d at 1178 (internal marks and citations omitted). Without more, the Court finds Plaintiff fails to meet its burden of showing how this information would harm its members' competitive standing.

In sum, the Court GRANTS the request to seal the two charts in paragraph twelve from lines twelve through twenty-two and lines one through eleven. Additionally, the Court GRANTS

3

the request to seal the information contained in paragraph fourteen from lines four through twenty-one. The remaining information sought to be sealed in the Hodes Declaration is DENIED.

### B.     Pugh Declaration

Next, Plaintiff seeks to seal sections of Michael Pugh's ("Pugh") declaration. (ECF No. 42 at 2; Request at 1.) Plaintiff argues some of the information in this declaration reveals the current composition of its member Enterprise Holdings, Inc.'s ("Enterprise") fleet, its customers, and other information that could harm Enterprise's competitive standing. (Request at 2.)

Defendant takes issue with six pieces of information Plaintiff seeks to seal in this declaration. (Opp'n at 4–7.) First, Defendant argues the information contained in the second paragraph regarding the different truck models Enterprise offers is already public information and available on its website. (*Id.* at 4–5; M. Elaine Meckenstock Decl. Exs. A, E.) Further, Defendant argues Plaintiff does not explain how this non-exhaustive list would put Enterprise at a competitive disadvantage. (*Id.* at 5.) The Court agrees[2] and finds Plaintiff's brief request does not offer a "compelling reason to overcome the presumption in favor of access." *Foltz*, 331 F.3d at 1138; *see also Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 WL 5737310, at *10 (N.D. Cal. Oct. 22, 2013) (declining to seal public information).

Second, Defendant argues Plaintiff fails to explain why information pertaining to the percentage of the total number of Enterprise vehicles in California should be sealed in paragraph three. (Opp'n at 5.) The Court agrees. Plaintiff has not provided the Court with a sufficient explanation "supported by factual findings." *Kamakana*, 447 F.3d at 1178 (internal marks and citations omitted). Further, as Defendant notes, the exact number of Enterprise's locations in California is already disclosed in paragraph two. (Pugh Decl. ¶ 2; Opp'n at 5.)

Third, Defendant contends the information regarding Enterprise's customers and their average daily routes should not be sealed. (Opp'n at 5.) Plaintiff states that disclosing the names

---

[2] In so doing, the Court finds it appropriate to take judicial notice of the existence of the Enterprise website, which lists the trucks for sale in California. *Farrell v. Boeing Employees Credit Union*, 761 Fed. Appx. 682, 684 n.1 (9th Cir. 2019) (quotation marks and citation omitted) (unpublished); *see also* Fed. R. Evid. 201(b).

4

1    of Enterprise's "high profile customers" who would be impacted by the ACF would damage those
2    customer's standing by revealing to those customers' competitors the extent to which their
3    operations will be disrupted. (Request at 5.) The Court finds this sufficient and GRANTS the
4    request to seal those customer names listed in the Pugh Declaration at paragraph eight, lines
5    twenty-one through twenty-two. *Nixon*, 435 U.S. at 597. Additionally, because the rest of the
6    information contained in paragraphs eight and nine could impact Enterprise's relationship with its
7    customers before its strategies are finalized and publicly implemented, the Court GRANTS the
8    request to seal the information contained therein as well. *Id.*

9    Fourth, Defendant argues the information about Enterprise's vehicle weight should not be
10   sealed, because this information is "readily apparent from the publicly filed parts of the same
11   paragraph and is not therefore confidential." (Opp'n at 6; Pugh Decl. ¶ 14.) The Court agrees
12   and finds Plaintiff's explanation to the contrary is unsupported by specific factual findings.
13   *Kamakana*, 447 F.3d at 1178 (internal marks and citations omitted). The request to seal this
14   information in paragraph fourteen at lines eighteen through nineteen is DENIED.

15   Fifth, Defendant argues the information contained in paragraph nineteen about
16   hypothetical business strategies should be disclosed. (*Id.*) According to Defendant, this does not
17   disclose Enterprise's ACF compliance strategy. (*Id.*) However, upon review, the Court
18   disagrees. As Plaintiff argues, the information contained within paragraph nineteen could harm
19   Enterprise's relationship with its customers thereby putting Enterprise at a competitive
20   disadvantage in the marketplace. (Request at 5); *Nixon*, 435 U.S. at 597. Accordingly, the Court
21   GRANTS the request to seal the information contained within paragraph nineteen.

22   Sixth, Defendant argues the final sentence in paragraph twenty should not be sealed.
23   (Opp'n at 6–7.) According to Defendant, this sentence just repeats what was previously stated
24   about the weight of zero-emission vehicles and towing issues. (*Id.*) The Court agrees. Plaintiff
25   provides no particularized showing to justify sealing this information and therefore does not meet
26   the compelling-reasons standard. *Kamakana*, 447 F.3d at 1178. Accordingly, the Court DENIES
27   Plaintiff's request to seal the information contained in paragraph twenty.
28   / / /

1     Finally, the Court finds Plaintiff has met its burden to establish the remaining highlighted
2  information should be sealed under the compelling reason standard. *Nixon*, 435 U.S. at 597. In
3  sum, the Court GRANTS the request to seal the information contained in paragraphs eight, nine,
4  seventeen, eighteen, nineteen. The remaining information sought to be sealed in the Pugh
5  declaration is DENIED.

6                         C.        Vellutini Declaration

7     Third, Plaintiff seeks to seal portions of Karen Vellutini's ("Vellutini") declaration. (ECF
8  No. 42 at 2; Request at 2.) Plaintiff again argues some of the information contained in the
9  declaration consists of commercially-sensitive business information. (Request at 4.) According
10 to Plaintiff, disclosure of certain information contained in the Vellutini declaration would harm
11 Devine Intermodal ("Devine"), one of Plaintiff's members. (*Id.*) Specifically, Plaintiff argues
12 disclosure of Devine's fleet selection and compliance plans would allow Devine's competitors to
13 duplicate Devine's fleet procurement[.]" (*Id.* at 6.)

14    In opposition, Defendant argues Plaintiff seeks to seal more information than is proper.
15 (Opp'n at 7.) Specifically, Defendant argues the information contained in the second paragraph
16 are facts "far from secret." (*Id.*) And in paragraph ten, Defendant contends the costs Devine paid
17 for their trucks does not reveal anything of competitive significance.

18    The Court agrees in part. First, in paragraph two, stating Devine has "specifically
19 engineered" its vehicles to "maximize the payloads of California's agricultural exporters" does
20 not reveal anything specific about Devine's engineering decisions. Plaintiff's request to seal this
21 sentence is DENIED.

22    However, the Court GRANTS Plaintiff's request to seal the total cost it paid for its new
23 trucks. (Vellutini Decl. ¶ 10.) While the total number of trucks is not specified, competitors
24 could determine the number of trucks from the total cost Devine paid. *See, e.g.*, *Apple Inc. v.*
25 *Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (finding district court erred in not
26 granting request to seal cost data). Finally, the Court finds the rest of the information sought to
27 be sealed in the Vellutini declaration could harm Devine's competitive standing and therefore
28 GRANTS the Plaintiff's request to seal the rest of the highlighted information. In sum, the

                                        6

1  request to seal the information in paragraph two is DENIED.  The request to seal the remaining
2  highlighted information is GRANTED.

3        D.    Memorandum of Points and Authorities and Statement of Undisputed Facts
4  Finally, Plaintiff seeks to seal portions of the memorandum of points and authorities and
5  statement of undisputed facts which "discuss or reveal" the information sought to be sealed in the
6  declarations as discussed above.  (Request at 3.)  Defendant opposes this in part for the same
7  reasons it opposes sealing some of the information contained in the declarations.  (Opp'n at 8.)
8  As articulated above, the Court DENIES the request to seal information contained in
9  paragraph ten of the Hodes declaration.  Accordingly, the information based on paragraph ten in
10 the statement of undisputed facts is also DENIED.  (SUMF ¶ 48.)  The Court GRANTS the
11 request to seal the remaining highlighted portions of the statement of undisputed facts for the
12 same reasons articulated above.
13 Similarly, the request to seal the highlighted information contained on pages fourteen,
14 fifteen, and seventeen of the memorandum of points and authorities is GRANTED for the same
15 reasons discussed above.  However, the information contained on page sixteen, lines two through
16 four, also based in part on paragraph ten of the Hodes declaration is DENIED.  (Mem. at 16.)
17 The remaining information sought to be sealed on page sixteen is GRANTED.

18 **III.   CONCLUSION**
19 For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's
20 request.  The following pieces of information sought to be sealed are DENIED:
21   • Hodes Declaration: ¶ 10 (3:10–25); ¶ 12 (4:9–10); ¶ 13 (5:15–27);
22   • Pugh Declaration: ¶ 2 (1:16–18); ¶ 3 (1:22–23); ¶ 14 (4:18–19); ¶ 20 (6:6–10);
23   • Vellutini Declaration: ¶ 2 (1:7–9);
24   • Statement of Undisputed Facts: ¶ 48;
25   • Memorandum of Points and Authorities: 16:2–4.
26 The request to seal the remaining highlighted portions in those documents is GRANTED.
27 Plaintiff is directed to **refile the documents in compliance with this order within seven (7)**
28 **days**.  The Clerk of Court shall also file: (1) the request to seal, (2) opposition, (3) M. Elaine

Meckenstock's declaration and the attached exhibits, (4) the three unredacted declarations, (5) statement of undisputed facts, and (6) memorandum of points and authorities under seal to preserve the record with respect to Plaintiff's request.

IT IS SO ORDERED.

Date: January 22, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE